**TOILOLO SIU, Plaintiff/Objector
and Counter-Claimant**

**v.**

**POTI AMOSA, Defendant/Claimant
and Counter-Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 48-91

April 5, 1993

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff/Objector and Counter-Claimant,
Afoa L. Su'esu'e Lutu
For Defendant/Claimant and Counter-Defendant,
Tauese P.F. Sunia

Order Denying Motion for Reconsideration or New Trial:

Plaintiff's motion for reconsideration or new trial came regularly on March 26, 1993 for hearing. Plaintiff's counsel appeared. Though given notice, defendant's counsel was not present. The court, having considered the points raised by plaintiff's motion, has concluded that all but one of them are adequately addressed and appropriately resolved in the court's opinion and order of February 23, 1993.

The remaining point concerns plaintiff's matai-title status. Plaintiff has taken issue with the factual basis of footnote number 3 in the

1

opinion and order. He has asserted that the court took judicial notice, without any other evidentiary support, that plaintiff is a Western Samoa citizen, born in that country of parents who were not inhabitants of American Samoa, when in fact both his father and grandfather were born in this Territory.

However, these factual findings were based on affirmative evidence and not on judicial notice. Plaintiff testified that he was born in Western Samoa and first came to American Samoa as a young man during the World War II era, after which he returned to Western Samoa until he undertook permanent residence here in 1968. The court's findings as to plaintiff's citizenship and his parents' nationality and residency as inhabitants are reasonable inferences from this evidence.

Even if one assumes the American Samoan heritage of his father and grandfather, plaintiff is still disqualified, under A.S.C.A. § 1.0403, from holding a matai title in American Samoa. The law excepts birth outside American soil only if both parents were inhabitants of American Samoa and were temporarily residing outside of American Samoa or engaged in foreign travel at the time of the person's birth. Plaintiff now claims that his father but not his mother was an inhabitant of American Samoa, in a nationalistic sense. Clearly plaintiff's long-term residency in Western Samoa, the country of his citizenship, refutes any basis for finding that his parents transitorily resided in Western Samoa or were merely traveling abroad at his birth.

The purpose of footnote number 3 was to demonstrate plaintiff's ineligibility to hold the Toilolo matai title and to forestall any credence the court's opinion and order might otherwise lend to recognition of plaintiff's right to hold this title. This purpose is still served.

Plaintiff has carried his argument on this point another step by contending that if he is disqualified from holding a matai title, he is also ineligible to be a pulenu'u, who under A.S.C.A. § 5.0301 must be appointed "from the ranks of the chiefs in each village." Thus, he argues that the surveyor and pulenu'u certificate, which he signed as the pulenu'u of the Village of Failolo to accompany the survey of the land at issue, was an invalid document.

However, a pulenu'u is a *de jure* public officer, and at the time of the survey, plaintiff was a *de facto* occupant of that position. A *de facto* public officer's acts, if done within the scope and by the apparent authority of a *de jure* public officer, are binding, insofar as the rights of

2

third persons are concerned; it is as if the *de facto* public officer were legally selected, qualified and in possession of the office. *In re Redevelopment Plan for the Bunker Hill Urban Renewal Project 1B*, 38? P.2d 538 (Cal. 1964), *cert. denied and appeal dismissed*, 379 U.S. 28 (1964), *cert. denied*, 379 U.S. 899 (1964).

Plaintiff has also referred to his testimony that the pulenu'u's notice of a proposed survey was not actually given in Failolo, as A.S.C.A. § 37.0102(c) requires. However, this testimony was clearly contradicted by the surveyor and pulenu'u certificate, which is regular on its face. We found, and continue to find, that plaintiff was fully aware of the purpose of the survey and the certificate. The notice requirement was met.

Plaintiff's motion for reconsideration or new trial is denied. It is so ordered.